# Exhibit A

ELECTRONICALLY FILED - 2021 Nov 09 12:04 PM - CHARLESTON - COMMON PLEAS - CASE#2021CP1005115

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br>COUNTY OF CHARLESTON<br><br>ROBERT GRIMSLEY,<br><br>    Plaintiff,<br><br>vs.<br><br>CBS BROADCASTING INC.,<br><br>    Defendant. | ) IN THE COURT OF COMMON PLEAS<br>) NINTH JUDICIAL CIRCUIT<br>)   CASE NO: 2021-CP-10-<br>)<br>)<br>)<br>)<br>)            **SUMMONS**<br>)       (Jury Trial Demanded)<br>)<br>)<br>)<br>)<br>) |

TO:   THE DEFENDANT ABOVE-NAMED:

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, a copy of which is hereby served upon you, and to serve a copy of your Answer to said Complaint on the subscribed at the DeAntonio Law Firm, LLC, Post Office Box 30069, Charleston, South Carolina, 29417, within thirty (30) days after the service hereof, exclusive of the day of such service; and if you fail to answer the Complaint within the time aforesaid, the Plaintiff in this action will apply to the Court for the relief demanded in the Complaint, including the rendering of judgment by default against you.

                                                     DEANTONIO LAW FIRM, LLC

                                                     s/Stephen F. DeAntonio<br>
                                                     Stephen F. DeAntonio, Esquire<br>
                                                     Post Office Box 30069<br>
                                                     Charleston, SC 29417<br>
                                                     Telephone: (843) 577-8080<br>
                                                     Fax: (843) 577-4188<br>
                                                     Email: sdeantonio@deanlawfirm.com

November 9, 2021<br>
Charleston, South Carolina

ELECTRONICALLY FILED - 2021 Nov 09 12:04 PM - CHARLESTON - COMMON PLEAS - CASE#2021CP1005115

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br>COUNTY OF CHARLESTON<br><br>ROBERT GRIMSLEY,<br><br>        Plaintiff,<br><br>vs.<br><br>CBS BROADCASTING INC.,<br><br>        Defendant. | ) IN THE COURT OF COMMON PLEAS<br>) NINTH JUDICIAL CIRCUIT<br>) CASE NO: 2021-CP-10-<br>)<br>)<br>)<br>) **COMPLAINT**<br>) (Jury Trial Demanded)<br>)<br>)<br>)<br>)<br>) |

The Plaintiff, complaining of the Defendant above-named, would allege and say:

## FACTUAL AND JURISDICTIONAL ALLEGATIONS

1. That the Plaintiff is a citizen and resident of the State of South Carolina. He is a former police officer who served his community honorably and heroically until his retirement on July 31, 2013. He was at all pertinent times, and continues to be, a private figure.

2. That the Defendant CBS Broadcasting Inc. ("CBS"), upon information and belief, is a for-profit corporation organized and existing under a state other than the State of South Carolina. CBS systematically conducts business in the State of South Carolina, including but not limited to broadcasting, cable-casting and streaming news and other programming through its affiliated stations WCSC-TV 5 in Charleston, WLTX-TV 19 in Columbia, WBTW-TV 13 in Florence/Myrtle Beach and WSPA-TV 7 in Spartanburg/Greenville. Further, CBS, upon information and belief, also has contracts with radio stations in South Carolina. Additionally, CBS has an internet web news site accessible in the entire country, of course including accessibility by South Carolinians.

3. That this Defendant systematically and regularly conduct business in South Carolina through contracting, affiliation, news gathering, broadcasting, cable-casting and streaming of network news, entertainment and sports programming in this state Further, the action complained of herein arose within the State of South Carolina in that the offending news story was about individuals in South Carolina.

4. That this Court has subject matter jurisdiction under the authority of the United States Supreme Court in *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 104 S.Ct. 1473).

5. That this Court has personal jurisdiction over the Defendants, both general and specific, because the Defendants systematically and regularly conduct business here, have committed a tort here and other reasons under the state's Long Arm Statute.

6. That further, the offending material was circulated here in the State of South Carolina and thus, pursuant to the authority of the United States Supreme Court in *Keeton v. Hustler*, the Court has personal jurisdiction over the Defendants.

7. That on or about, May 18, 2021, the Defendant published and disseminated at will a web-based story headlined: "Jamal Southerland's mother praises firing of deputies". The story was about two Charleston County Sheriffs' deputies being arrested in connection with the tragic death of a mentally-ill detainee. Prominently featured below the headline of the story was an old photograph of the Plaintiff when he was previously employed by the Charleston County Sheriff's office, motorcycle division. Clearly written in cursive on the front wheel fender of the motor cycle is Plaintiff's name. Thus, the combination of the headline and picture of the Plaintiff with his name satisfies the "of and concerning" component of defamation law. Further, under the prevailing law, the common law of South Carolina, the "of and concerning" component can be satisfied by photograph identification. *See Wilhoit v. WCSC-TV*.

ELECTRONICALLY FILED - 2021 Nov 09 12:04 PM - CHARLESTON - COMMON PLEAS - CASE#2021CP1005115

8. That Defendant, through its agents, free-lancers and employees, all acting within the course and employment of CBS, were responsible for the preparation, production, promotion, gathering, accumulation of material and photographs, published and disseminated the story by-lined by April Siese internationally and nationally. CBS's website, on which the story was published, had during this time, upon information and belief, web page views of approximately 70 million views.

Further, the story was picked up and run by other web news services, such as yahoo!news' website, inclusive of the Plaintiff's identifying photograph.

9. That the said story was unprivileged, for including but not limited to the reason that the photograph utilized by the Defendant in the story was not an "official" report or photograph of the fired individuals, but a siphoned, file, dated photograph of an event called "Palmetto Rodeo". Additionally, Plaintiff is a private figure, having lost his public official status when he retired as a police officer on July 31, 2013, long before the publication and dissemination of the defamatory article.

10. That the said news article falsely portrayed the Plaintiff as one of the deputies who pepper-sprayed and tased a mentally ill detainee to the extent that the detainee died. That the actual actions by the actual offenders was so bad that Charleston County agreed to settle the case with the Sutherland family for $10 Million Dollars. Civil rights attorneys have lambasted the lack of criminal prosecution of the officers. In sum, Plaintiff was identified as one of the killers of Sutherland, and has been associated with a terrible, tragic death involving a challenged person. No person–past or present law enforcement, or non-law enforcement–would want to be identified and associated with this very public tragedy.

ELECTRONICALLY FILED - 2021 Nov 09 12:04 PM - CHARLESTON - COMMON PLEAS - CASE#2021CP1005115

11. That the Plaintiff was defamed nationally and internationally by the Defendant, injuring Plaintiff's reputation. The said falsities in the story was defamatory as they subjected the Plaintiff to hatred, ridicule, and contempt by the reader's viewers and others. The defamatory statements were serious criminal imputations, unfavorable in the eyes of Plaintiff's fellow United States citizens, including members of law enforcement, whom Plaintiff trains as a member of the private sector. Plaintiff suffered injury to reputation, mental suffering, hurt feelings and other similar types of injuries which are incapable of a definite money evaluation according to the United States Supreme Court.

12. That the Defendant was negligent, grossly negligent, and acted with actual and common law malice, reckless disregard for the truth, and knowing disregard for the truth in distributing the false and defamatory information about Plaintiff and placing Plaintiff in a false light before a world-wide public readership. All Defendant had to do is request informally, or through a freedom of information request, to get photographs of the deputies who were actually fired. In using instead the photograph of the Plaintiff, Defendant's agents recklessly made conscious decisions to associate Plaintiff in the publication of the story.

13. That Plaintiff is entitled to general damages, special damages, presumed damages and punitive damages.

WHEREFORE, the Plaintiff, having complained against the Defendant above-named, prays for judgment against the Defendant in an amount awarded by the trier of fact, plus punitive damages and for whatever relief the Court deems just and proper.

*SIGNATURE NEXT PAGE*

ELECTRONICALLY FILED - 2021 Nov 09 12:04 PM - CHARLESTON - COMMON PLEAS - CASE#2021CP1005115

DEANTONIO LAW FIRM, LLC
*s/Stephen F. DeAntonio*
Stephen F. Deantonio
Post Office Box 30069
Charleston, SC 29417
T: (843) 577-8080
F: (843) 577-4188
sdeantonio@deanlawfirm.com

November 9, 2021
Charleston, South Carolina